United States District Court
Southern District of Texas
**ENTERED**
December 01, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Olulade Adegoke, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-22-1109 |
| | § | |
| Delta Airlines, Inc. | § | |
| *Defendant.* | § | |

# Order

Pending before the court is Defendant Delta Airlines, Inc.'s motion to dismiss Plaintiff Olulade Adegoke's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. The parties have consented to the jurisdiction of the undersigned. ECF No. 16. The motion is granted in part and denied in part.

**I.     Background and Allegations**

Plaintiff brings this action based on events that occurred while she and her family were traveling internationally on Defendant's airline. ECF No. 11. Plaintiff filed her original complaint in state court on February 25, 2022. ECF No. 1-3. Defendant removed the case to federal court on April 6, 2022. ECF No. 1. Defendant moved to dismiss the complaint, or, in the alternative, for a more definite statement, on April 13, 2022. ECF No. 5. The court granted the motion in part and ordered Plaintiff to amend the complaint to address the deficiencies identified in the motion

to dismiss. ECF No. 9. Plaintiff filed an amended complaint, ECF No. 11, which Defendant now moves to dismiss, ECF No. 12.

According to the Plaintiff, in March 2021, she purchased five tickets for her family to fly from Houston, Texas to Lagos, Nigeria with a connecting flight in Atlanta, Georgia. ECF No. 11 at 2. Plaintiff purchased first class tickets for the flight from Houston to Atlanta and business class tickets for the flight from Atlanta to Lagos. *Id.* The flight to Atlanta was delayed, so Plaintiff and her family were rebooked onto a United Airlines flight to Atlanta with economy class tickets. *Id.* Plaintiff and her family made it to Atlanta, but apparently did not arrive at the gate in time to board the plane. *Id.* Having missed her flight to Lagos, Defendant rebooked Plaintiff and her family onto a KLM flight to Lagos, again in economy class, with a connecting flight in Amsterdam. *Id.* The flight changes caused Plaintiff to land in Lagos after 10:00 p.m. on December 22, 2021. *Id.* Due to security concerns in Nigeria, Plaintiff preferred not to travel from Lagos to her final destination at night. *Id.* Defendant thus gave Plaintiff and her family a hotel voucher for the night. *Id.* at 3.

Upon arrival in Lagos on December 22, 2021, Plaintiff's luggage was missing. ECF No. 11 at 3. She reported her luggage missing the same day. *Id.* Plaintiff's luggage arrived on December 23, 2021, but it was damaged. *Id.* She notified the airline that her luggage was damaged before leaving the airport and received a claim

2

reference number via text message. *Id.* Attached to the Amended Complaint is a document titled "Baggage Information." ECF No. 11-3. The document has on it a space for a "file reference number," which has been partially filled out. *Id.* There is a website printed on it in a space labeled "delivery updates." *Id.* It also has what appears to be a sticker with a barcode and Plaintiff's name and some flight information. *Id.* At the bottom it says "[t]he reference number will be completed by the Delta agent before you leave the Baggage Service Office." *Id.* Adegoke characterizes this document as the acceptance of her report to Defendant that her luggage was damaged. ECF No. 11 at 3.

Plaintiff and her family departed the Lagos airport after 1:30 p.m. on December 23, 2021. ECF No. 11 at 4. Again, Plaintiff's security concerns about nighttime travel required her to stay at a hotel for an additional night at her expense. *Id.*

The parties agree that Plaintiff's claims are governed by the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, reprinted in S. TREATY DOC. NO. 106–45 (2000), 1999 WL 33292734 (1999) (the Montreal Convention or the Convention). ECF No. 11 at 4; ECF No. 12 at 3. Plaintiff claims that she is entitled to compensation under the Montreal Convention for the damage to her luggage. *Id.* She also claims that the flight delays entitle her to compensation for the cost of her stay in Lagos on December 23, 2021. *Id.* She further

3

claims that Defendant is required to compensate her for the downgrade in her flight class. *Id.*

## II. Standard Of Review

A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Under Rule 12(b)(6), a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the party is entitled to relief under a valid legal theory." *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-2840, 2019 WL 1674348, at *3 (S.D. Tex. Apr. 17, 2019). While a complaint does not require detailed factual allegations, a plaintiff must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

When considering a motion to dismiss, a court must consider the complaint in its entirety, including documents incorporated by reference. *Tellabs, Inc. v. Makor*

*Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider "any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.   Analysis

The Montreal Convention provides "an airline passenger's exclusive remedy; a passenger may not maintain 'an action for personal injury damages under local law when her claim does not satisfy the conditions for liability under the Convention.'" *White v. Emirates Airlines, Inc.*, 493 F. App'x 526, 529 (5th Cir. 2012) (citing *El Al Isr. Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 176 (1999)). When interpreting the Montreal Convention, courts may also consider cases decided under the predecessor treaty, the Warsaw Convention. *See e.g., Bassam v. American Airlines*, 287 Fed. Appx. 309, 312 (5th Cir. 2008) and *Mbaba v. Societe Air France*, 457 F.3d 496, 497–500 (5th Cir. 2006).

#### 1. Damage to Baggage Claim

Plaintiff alleges that the defendant is liable to her under Article 18 of the Montreal Convention for damage to her luggage. ECF No. 11 at 4. Defendant argues that Plaintiff's claim must be dismissed because she did not provide the required timely written notice of her claim to the airline. ECF No. 12 at 8–9.

Although the parties refer to Article 18 of the Montreal Convention in their filings, that section governs damage to cargo, not baggage. 1999 WL 33292734 at

5

\*34. Article 17 governs claims relating to both checked and unchecked baggage. *Id.* at \*33. The court construes Plaintiff's claims for damage to her baggage to fall under Article 17.

Article 17 of the Montreal Convention makes the carrier liable for destruction, loss, or damage to checked baggage caused by an event taking place on board the aircraft or while the baggage was in the charge of the carrier. 1999 WL 33292734 at \*33. "To seek relief for damaged baggage or cargo under the Montreal Convention, plaintiffs must provide written notice of the damage to the carrier within seven days from the date of receipt in the case of checked baggage and within fourteen days in the case of cargo." *Coombes v. Southwest Airlines,* No. 3:20-cv-03700-M-BT, 2021 WL 3625077 at \*5 (N.D. Tex. July 8, 2021) (citing Montreal Convention, Art. 31(2)). Verbal notice to the airline's representatives alone without a timely written notice is "not enough to satisfy the requirements of the Montreal Convention." *Id.* (citing *Stud v. Trans Int'l Airlines*, 727 F.2d 880, 883 (9th Cir. 1984)). The question here is whether Plaintiff has pleaded facts to demonstrate that she submitted a written notice of her damage claim to the airline.

Plaintiff's Amended Complaint states that she was initially refused the opportunity to submit a claim, but that a representative eventually "accepted the report." ECF No. 11 at 3. The Amended Complaint states that she was given a reference number for her claim via text message and that she "notified DELTA of

6

the damage to the luggage before even leaving the airport and that report was accepted by a DELTA employee." *Id.* In support of the last statement, Plaintiff cites Exhibit C to the Amended Complaint, which is the "Baggage Information" document that is described above. *Id.* (citing ECF No. 11-3).

Although the Amended Complaint could have provided more facts, the court must draw all inferences in the Plaintiff's favor. It appears that some written documentation of the claim was created. There were text messages as well as the Baggage Information document. While very close to the line, the court concludes that Plaintiff has provided just enough facts to survive a motion to dismiss. The court will reconsider the written notice issue at the summary judgment stage after some limited discovery has been conducted.

### 2. Disruption of Travel Claim

Plaintiff alleges that the Defendant is liable for her hotel expenses for the night of December 23, 2021, under Article 19 of the Convention. ECF No. 11 at 4. According to Plaintiff, the delays in her flights and the arrival of her baggage necessitated a second night in a hotel. Defendant argues that Plaintiff's claim should be dismissed because all reasonable measures to avoid the disruption were taken. ECF No. 12 at 4–7.

Article 19 of the Montreal Convention provides that carriers shall be liable for delay of passengers, baggage, or cargo. 1999 WL 33292734 at *34. Carriers may

"avoid liability by proving that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." *Id.* at *18. (internal quotations omitted). Damages claims based on delay must be quantifiable and result in real economic lose. *Lee v. American Airlines, Inc.,* 355 F.3d 386, 387 (5th Cir. 2004). Mental injury or re-characterized mental anguish damages are not recoverable. *Id.*

Plaintiff's Amended Complaint states that the delay in her baggage's arrival delayed her departure from Lagos. ECF No. 11 at 4. Plaintiff also alleges that she incurred real, economic damages in the form of a hotel stay in Lagos. *Id.* Defendant does not dispute this. ECF No. 12 at 4–7. Defendant's only argument is that it took all reasonable measures to avoid the delay. *Id.* Defendant argues that it is clear from the face of Amended Complaint that it took measures to prevent the delay. *Id.*

"Although dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017). "A claim will not be dismissed unless the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Id.* Where a plaintiff has not made a full concession of the underlying facts necessary to prove a defense then "dismissal at this early stage [is] improper." *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA,* 467 F.3d 466, 471 (5th Cir. 2006).

In this case, the Amended Complaint does state that Defendant made some effort to avoid the damage by placing Plaintiff and her family on other flights. ECF No. 11 at 2. But the complaint does not affirmatively establish that there were no other steps reasonably available that the airline could have taken to avoid the delay. The burden is on the defendant to demonstrate its efforts were reasonable, and absent such evidence, dismissal is not appropriate. *Compare Lee v. American Airlines, Inc.*, No. CIVA3:01-CV-1179-P, 2004 WL 2624647 at *3–*4 (N.D. Tex. Nov. 17, 2004) (finding the airline introduced evidence to show its alternative flight accommodations were reasonable) *with id.* at *4 (finding the airline had introduced no evidence to show it took all reasonable measures to communicate the delay to passengers); *see also Helge Mgmt., Inc. v. Delta Air Lines, Inc.*, No. 11-10299-BRC, 2012 WL 2990728 at *4–*5 (D. Mass. July 19, 2012) (relying on evidence introduced by the defendant airline to find it took all reasonable measures and granting summary judgment).

The motion to dismiss is denied. The court will fully reconsider Defendant's arguments at the summary judgment stage when discovery into Defendant's efforts to avoid the flight delay has been completed.

### 3. Downgrade of Class Claim

While it is not entirely clear, it appears that Plaintiff may be seeking compensation based on her flight class being downgraded when her flights were

9

rebooked. There is no mention of downgrade in class of ticket or an equivalent action in the Montreal Convention. *See generally,* S. Treaty Doc. No. 106-45, 1999 WL 33292734. Plaintiff does not cite any authority allowing recovery for downgrade of her flight class. Other courts have found that a downgrade in ticket class was not a recoverable injury under the Montreal Convention as a matter of law. *See Sobol v. Continental Airlines,* No. 05 CV 8992(LBS), 2006 WL 2742051 at *3–*4 (S.D.N.Y. Sept. 26, 2006); *David v. United Airlines, Inc.,* No. 2:15-cv-02262-ODW (PJWx), 2016 WL 1573423 at *6 (C.D. Cal. Apr. 18, 2016). The court is unaware of any authority to support the proposition that the Montreal Convention would allow for recovery under that theory. Defendants' motion to dismiss Plaintiff's downgrade in claims is granted.

## IV. Conclusion

Defendants' motion to dismiss is granted in part and denied in part.

Signed at Houston, Texas on December 1, 2022.

_____
Peter Bray
United States Magistrate Judge